# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT DAVID DUNN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-01264-JD |
| ) | |
| CARRIE BRIDGES, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 13] issued by United States Magistrate Judge Chris M. Stephens on May 30, 2025. The Report and Recommendation recommends that the Court dismiss Petitioner Robert David Dunn's 28 U.S.C. § 2254 petition [Doc. No. 1] for lack of jurisdiction as a second or successive habeas petition filed without the authorization of the United States Court of Appeals for the Tenth Circuit. R. & R. at 1, 4. The Report and Recommendation further recommends that the Court dismiss the petition rather than transfer it to the Tenth Circuit. *Id.* at 4–6. The Report and Recommendation advised Dunn of his right to object by June 20, 2025, and warned that failure to object timely would waive the right to appellate review of the factual and legal issues in the Report and Recommendation. *Id.* at 7.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party

waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised.'" *Id.* at 1120.

Dunn did not file an objection to the Report and Recommendation and has therefore waived the right to de novo review. Dunn did not seek any additional time to object; he filed nothing in response to the Report and Recommendation.

Additionally, no exception to the firm waiver rule applies. Although Dunn is proceeding *pro se*, Judge Stephens advised Dunn of his right to object and the consequences if he failed to object. R. & R. at 7. The interests of justice do not require

review, as Dunn has not explained his lack of objection. The interests of justice also do not require review under the factors provided by the Tenth Circuit. Alternatively, although the Court is not required to review the record and law de novo, it has done so and determines that the Report and Recommendation should be adopted in full.

Accordingly, the Court ACCEPTS the Report and Recommendation [Doc. No. 13] and DISMISSES the petition without prejudice. The Court also DENIES a certificate of appealability under Rule 11 of the habeas rules, as reasonable jurists could not conclude either that the Court erred in its ruling or that the issues presented should be allowed to proceed further in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED this 27th day of June 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE